1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT
7          FOR THE DISTRICT OF ARIZONA
8
9  United States of America,            )    No. CR-07-40-PHX-FJM
                                        )        CV-07-2427-PHX-FJM (LOA)
10            Plaintiff/Respondent,      )
                                        )    **REPORT AND RECOMMENDATION**
11 vs.                                   )
                                        )
12 Jose Luis Hernandez-Constantino,     )
                                        )
13            Defendant/Movant.          )
                                        )
14 _____      )

15          This matter arises on Movant's Motion to Vacate, Set Aside, or Correct Sentence

16 Pursuant to 28 U.S.C. § 2255. (docket # 16)  Movant raises the following claims: (1) trial

17 counsel was ineffective because he failed to adequately investigate Movant's criminal history;

18 (2) trial counsel was ineffective because he did not advocate for Movant and neither consulted

19 with Movant nor kept him informed; and (3) Movant's sentence was improperly enhanced by

20 a prior felony that was not a proper aggravating factor for the enhancement.  (docket #  16)

21 Respondent has filed a Response (docket # 23) to which Movant has not replied and the time

22 for doing so has expired.  The Court, therefore, will consider Movant's § 2255 Motion and the

23 Response.

24 **I. Procedural History**

25          On December 9, 2006, Movant was arrested near Wellton, Arizona for illegally

26 entering the United States.  (docket # 1) Arresting agents subsequently discovered that

27 Movant had previously been removed from the United States.  Based on the foregoing,

28 Movant was charged with illegal Re-Entry of Deportation in violation of 8 U.S.C. § 1326(a),

1   as enhanced by 8 U.S.C. § 1326(b)(2).  (docket # 7) Pursuant to a plea agreement, Movant

2   pleaded guilty to the foregoing charge.  (dockets # 10-13; Respondent's Exh. A)  The plea

3   agreement included an express waiver of Movant's right to collaterally attack his judgment

4   or sentence.  (docket #  13 at 4-5; Respondent's Exh. A at 4-5)  On May 21, 2007, the

5   assigned District Court Judge accepted the plea agreement, and consistent with its terms,

6   sentenced Movant to 57 months imprisonment.  (docket # 15) On November, 29, 2007,

7   Movant filed a timely Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28

8   U.S.C. § 2255.  (docket # 16)

9   **II.  Analysis**

10          **A.  Waiver**

11          Respondent asserts that, pursuant to his plea agreement, Movant has waived his

12  right to collaterally attack his judgment and sentence.  Movant has not responded to this

13  assertion.

14          Movant pleaded guilty pursuant to a written plea agreement which the District

15  Judge accepted. (Respondents' Exh. A) The plea agreement specifically provides that:

> Defendant waives any and all motions, defenses, probable cause
> determinations, and objections which defendant could assert to the
> information or indictment, or to the court's entry of judgment against
> defendant and imposition of sentence upon the defendant, provided
> that the sentence is consistent with this agreement. Defendant further
> waives: (1) any right to appeal the court's entry of judgment against
> defendant; (2) any right to appeal the imposition of sentence upon the
> defendant under Title 18, United States Code, Section 3742 (sentence
> appeals); and (3) *any right to collaterally attack defendant's
> conviction and sentence under Title 28, United States Code, Section
> 2255, or any other collateral attack*.  Defendant acknowledges that
> this waiver shall result in the dismissal of any appeal or collateral
> attack efendant might file challenging his conviction or sentence in
> this case.

(docket # 13 at 4-5; Respondent's Exh. A)(emphasis added).

          Express waivers of the right to collaterally attack a conviction or sentence are

enforceable. *United States v. Nunez*, 223 F.3d 956, 958-59 (9th Cir. 2000); *United States v.

Pruitt*, 32 F.3d 431, 432-33 (9th Cir. 1994); *United States v. Abarca*, 985 F.2d 1012, 1013-14

(9th Cir. 1993)(stating that movant's waiver executed in his plea agreement foreclosed him

1  from challenging his sentence in a § 2255 motion.)  Where a defendant seeks to file such an

2  attack despite having expressly waived his right to do so, the court must first assess the

3  validity of the plea agreement and if the waiver is valid, the court should dismiss the motion.

4  *United States v. Michlin*, 34 F.3d 896, 898 (9th Cir. 1994)(finding plea agreement valid.)

5  Where a movant pleads guilty, review is limited to whether the underlying plea was

6  counseled and voluntary.  *United States v. Broce*, 488 U.S. 563, 569 (1989); *Boykin v.*

7  *Alabama*, 395 U.S. 238, 242-43 (1969)(stating that to comport with due process, a guilty

8  plea must be knowing and voluntary.)  The test for determining whether a guilty plea is valid

9  is "'whether the plea represents a voluntary and intelligent choice among the alternative

10  courses of action open to the defendant.'"  *Hill v. Lockhart*, 474 U.S. 52, 56 (1985)(quoting

11  *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).  Movant does not challenge the

12  voluntariness of his plea and the record reflects that the plea was valid.

13        In the plea agreement Movant specifically admitted that: (1) he had read the plea

14  agreement with the assistance of counsel and understood its terms; (2) he understood the

15  constitutional rights that he was forfeiting by pleading guilty; (3) he had discussed the

16  charge and possible sentence with counsel and understood that the Guideline range was not

17  binding on the court and that the court could depart upward or downward from that range;

18  (4) that the plea was voluntary and that the written plea agreement contained all of the terms

19  and conditions of his plea, and (5) he was satisfied that defense counsel had represented him

20  in a competent manner. (Respondent's Exh. A at 6; docket # 13)  During the change of plea

21  hearing conducted by Magistrate Judge Irwin, the court inquired as to the voluntariness of

22  the plea and Movant's understanding of its terms.  Magistrate Judge Irwin found that

23  Movant "understood the nature of the charge against him to which the plea is offered

24  (docket # 11 at 2), "that the plea . . . has been knowingly and voluntarily made and is not the

25  result of force or threats or of promises apart from the plea agreement between the parties

26  (docket #  11 at 2), and that "Defendant understands the terms of any plea agreement

27  provision waiving the right to appeal or to collaterally attack the sentence . . . ."  (docket #

28  11 at 2)

1    During the May 21, 2007 sentencing hearing, the Honorable Frederick J.

2    Martone further discussed the terms of the plea agreement with Movant and specifically

3    addressed the waiver provision.  (docket # 21 at 13; Respondents' Exh. B) The Court stated

4    that:

5        Now, under the terms of the plea agreement, you waived the right to appeal
         if the sentence was consistent with the terms of the plea agreement.  Here
6        the sentence is consistent with the terms of the plea agreement, and so I find
         that you've waived your right to appeal.  But if you disagree with me, you'd
7        have to file a notice of appeal within ten days of the entry of judgment.

8    (docket # 21 at 13; Respondents' Exh. B at 13)

9    The plea agreement clearly sets forth that Movant was waiving his right to appeal

10   and his right to bring a collateral attack by entering the plea.  Movant signed the agreement,

11   indicated that he had read the plea agreement, discussed its terms with counsel, and

12   understood those terms.  (Respondents' Exh. A; docket # 13) Moreover, during the change

13   of plea hearing, Movant advised Magistrate Judge Irwin that he had reviewed the plea

14   agreement with counsel and that he understood and agreed to its terms.  (docket # 11) He

15   further advised Magistrate Judge Irwin that the understood that by pleading guilty, he was

16   giving up his right to appeal and his right to bring a collateral attack.  (docket # 11)  In view

17   of the evidence in the record, the Court finds that Movant knowingly and voluntarily waived

18   his right to collaterally attack his conviction and sentence.  Accordingly, Movant waived his

19   right to § 2255 review of his claims and his § 2255 motion should be dismissed on that basis.

20   Alternatively, as discussed below, the § 2255 motion should be denied because Movant's

21   claims lack merit.

22              **B.  Ineffective Assistance of Counsel**

23   Movant further argues that trial counsel was ineffective.  To establish ineffective

24   assistance of counsel, Movant must establish that: (1) counsel's representation fell below an

25   objective standard of reasonableness; and (2) he was prejudiced thereby.  *Strickland v.*

26   *Washington*, 466 U.S.  668, 688-692 (1984)).  To be deficient, counsel's performance must

27   fall "outside the wide range of professionally competent assistance."  *Strickland*, 466 U.S. at

28   690. When reviewing counsel's performance, the court engages a strong presumption that

- 4 -

1    counsel rendered adequate assistance and exercised reasonable professional judgment.

2    *Strickland*, 466 U.S. at 690.  "A fair assessment of attorney performance requires that every

3    effort be made to eliminate the distorting effects of hindsight, to reconstruct the

4    circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's

5    perspective at the time."  *Strickland*, 466 U.S. at 689.  Review of counsel's performance is

6    "extremely limited."  *Coleman v. Calderon*, 150 F.3d 1105, 1113 (9th Cir. 1998), *rev'd on*

7    *other grounds*, 525 U.S. 141 (1998).  Acts or omissions that "might be considered sound

8    trial strategy" do not constitute ineffective assistance of counsel.  *Strickland*, 466 U.S. at

9    689.

10           To establish a Sixth Amendment violation, petitioner must also establish that he

11   suffered prejudice as a result of counsel's deficient performance.  *Strickland*, 466 U.S. at

12   691-92; *United States v. Gonzalez-Lopez*, 548 U.S. 140 (2006)(stating that "a violation of

13   the Sixth Amendment right to effective representation is not 'complete' until the defendant

14   is prejudiced.") To show prejudice, petitioner must demonstrate a "reasonable probability

15   that, but for counsel's unprofessional errors, the result of the proceeding would have been

16   different.  A reasonable probability is a probability sufficient to undermine confidence in the

17   outcome."  *Strickland*, 466 U.S. at 694; *Hart v. Gomez*, 174 F.3d 1067, 1069 (9th Cir. 1999);

18   *Ortiz v. Stewart*, 149 F.3d 923, 934 (9th Cir. 1998).  The court may proceed directly to the

19   prejudice prong.  *Jackson v. Calderon*, 211 F.3d 1148, 1155 n. 3 (9th Cir. 2000)(citing

20   *Strickland*, 466 U.S. at 697).  The court, however, may not assume prejudice solely from

21   counsel's allegedly deficient performance.  *Jackson*, 211 F.3d at 1155.  The *Strickland*

22   standard applies equally to a defendant who has been "represented by counsel during the

23   plea process and enters his plea upon the advice of counsel . . . ."  *Hill v. Lockhart*, 474 U.S.

24   52, 56-58 (1985).  With respect to guilty pleas, movant "must show that there is a reasonable

25   probability that, but for counsel's errors, he would not have pleaded guilty and would have

26   insisted on going to trial."  *Hill*, 474 U.S. at 59.  As discussed below, Movant's claims of

27   ineffective assistance of counsel fails.

28

**1. Failure to Adequately Investigate Movant's Prior Criminal History**

In Ground One, Movant argues that counsel was ineffective because he failed to adequately investigate Movant's criminal history and therefore, "criminal history points were miscalculated and priors were used wrongfully or miscalculated in figuring out the Movant's prior criminal history."  (docket # 16 at 4)

Defense counsel has a "duty to make reasonable investigations or to make reasonable decisions that make particular investigations unnecessary." *Strickland*, 466 U.S. at 691.  "This includes a duty to investigate the defendants's 'most important defense,' . . . and a duty adequately to investigate and introduce into evidence records that demonstrate factual innocence, or that raise sufficient doubt on that question to undermine confidence on the verdict . . . .However, 'the duty to investigate is not limitless. . . ..'" *Bragg v. Galaza*, 242 F.3d 1082, 1088 (9th Cir. 2001)(citations omitted.)

Although Movant asserts that counsel should have undertaken further investigation of Movant's criminal history, he does not identify any information that such investigation would have yielded.  Moreover, Movant himself was in the best position to know his criminal history and yet, he does not identify any information related to his criminal history that counsel should have brought to Judge Martone's attention.  Movant was provided with a Pre-Sentence Investigation Report prepared by the U.S. Probation Office on May 7, 2007.  (Pre-Sentence Report "PSR") The Pre-Sentence Report set forth Movant's criminal history.  (PSR at 5) At the May 21, 2007 sentencing hearing, Movant was given the opportunity to address Judge Martone directly or through counsel.  Despite this opportunity, Movant did not object to his Total Offense Level, criminal history, or Criminal History Category as reported in the PSR.  (Respondents' Exh. B at 4, 7-9)  Rather, Movant advised Judge Martone that he had read the PSR and that it correctly calculated a "pre-departure advisory guideline range of offense level 21, criminal history category VI."  (Respondents' Exh. B at 3-4) Judge Martone then granted the Government's motion under § 5K3.1 for a four-level downward departure pursuant to the parties' agreement and the early disposition

1   program resulting in a sentencing range from 51 to 63 months imprisonment, which was

2   within the terms of the plea agreement.  (Respondents' Exh. A at 2-4; Exh. B at 4-5)

3         Movant also appears to argue that counsel was ineffective in failing to object to

4   the improper consideration for sentencing purposes of his predicate conviction for robbery,

5   which enhanced his sentence under 8 U.S.C. § 1326(b)(2) & U.S.S.G. 2L1.2(b)(1)(A)&(C).

6   (docket # 16 at 5)  Movant was convicted on May 22, 2003 in Los Angeles, California

7   Superior Court of Robbery in violation of Cal. Penal Code § 211. Movant was sentenced to

8   two years imprisonment for that offense.  (Respondents' Exh. C; Exh. B at 8, 12)  Movant

9   claims that this 2003 robbery conviction does not qualify as an aggravated felony for

10  sentencing purposes  (docket # 16 at 4, 5) As discussed below, Movant's 2003 conviction

11  was properly considered in assessing his criminal history.

12        Pursuant to Title 8 U.S.C. § 1101(a)(43)(G), the term "aggravated felony"

13  includes "a theft offense . . . or burglary offense for which the term of imprisonment [is] at

14  least one year."  Additionally, 8 U.S.C. § 1101(a)(43)(F) defines and "aggravated felony" as

15  "a crime of violence . . . for which the term of imprisonment [is] at least one year."  Title 18

16  U.S.C. § 16 defines a "crime of violence" as:

17       (a) an offense that has as an element the use, attempted use, or threatened
    use of physical force against the person or property of another, or
18

19       (b) any other offense that is a felony and that, by its nature, involves a substantial
    risk that physical force against the person or property of another may be
    used in the course of committing the offense.
20

21  18 U.S.C. § 16.  For sentencing purposes, a crime of violence allows for a sixteen (16) level

22  enhancement and

23       means any of the following: murder, manslaughter, kidnaping, aggravated
    assault, forcible sex offense, statutory rape, sexual abuse of a minor, *robbery*,
    arson, extortion, extortionate extension of credit, burglary of a dwelling, or
24       *any offense under federal, state, or local law that has as an element the use,
    attempted use, or threatened use of physical force against the person of
25  another.*

26  United States Sentencing Guidelines 2L1.2 Comment 1(B)(iii)(2006)(emphasis added). In

27  2003, Movant was convicted of robbery in violation of California Penal Code § 211which

28  provides that, "[r]obbery is the felonious taking of personal property in the possession of

1   another, from his person or immediate presence, and against his will, accomplished by the

2   means of force or fear."  Cal. Penal Code § 211.  Thus, Movant's conviction of robbery

3   satisfies the definitions of "crime of violence" and "aggravated felony" set forth above.

4   Contrary to Movant's assertion, his robbery conviction under Cal. Penal Code § 211 is an

5   aggravated felony for purposes of 8 U.S.C. § 1326(b)(2), as defined in 8 U.S.C. §

6   1101(a)(43), and also qualifies as a "crime of violence" for purposes of sentencing

7   enhancement under U.S.S.G. 2L1.2(b)(1)(A).  Accordingly, counsel was not ineffective in

8   failing to object to the use of Movant's 2003 conviction to calculate his criminal history and

9   sentence.

10          Additionally, Movant's claim of ineffective assistance of counsel fails because

11   he cannot establish prejudice.  Movant was charged with, and pled guilty to, violating 8

12   U.S.C. § 1326(a), enhanced by 8 U.S.C. § 1326(b)(2).  (docket # 13) The maximum term of

13   imprisonment for this offense is twenty (20) years.  *See* 8 U.S.C. § 1326(b)(2).  Movant's

14   57-month sentence is well below the 20-year statutory maximum.  In view of the foregoing,

15   Movant's claim that counsel was ineffective in failing to investigate his criminal history

16   fails.

17          **2.  Failure to Advocate for Movant**

18          In his second ground for relief, Movant argues that counsel was ineffective in

19   failing to advocate for him, failing to consult with him, and failing to keep him informed.

20   (docket # 16 at 4) Movant then reiterates his claim that counsel failed to investigate his

21   criminal history.  (docket # 16 at 4-5) For the reasons set forth in Section II.B.1, *supra*, the

22   Court again finds that counsel was not ineffective in failing to investigate Movant's criminal

23   history.

24          Movant's other allegations are conclusory.  Movant does not describe how

25   counsel failed to advocate for him or identify any information that counsel failed to provide

26   to Movant.  Likewise, Movant does not explain how counsel's alleged failure to consult with

27   him resulted in prejudice.  Movant does not cite any evidence in support of his claim.

28   Movant's unsupported, conclusory allegations are not sufficient to support a claim for

1   federal habeas relief. *See, Jones v. Gomez*, 66 F.3d 199, 204-05 (9th Cir. 1995)(stating that

2   conclusory allegations with no reference to the record or other evidence do not warrant

3   habeas relief.)  Additionally, because Movant fails to allege specific facts showing

4   prejudice, the reasonableness of counsel's representation is inconsequential. *Hill v.*

5   *Lockhart*, 474 U.S. at 60.

### 3. Enhancement of Sentence Based on Prior Aggravated Felony

7           In his third ground for relief, Movant again argues that his prior conviction for

8   robbery in violation of Cal. Penal Code § 211 should not have been designated an

9   "aggravated felony" for purposes of sentence enhancement under 8 U.S.C. § 1326(b)(2) or

10   U.S.S.G. § 2L1.2(b).  As discussed in Section II.B.1, *supra*, Movant's prior conviction for

11   robbery does qualify as an aggravated felony.  Accordingly, Movant's claim raised in

12   ground three fails.

## III.  Conclusion

14           Movant is not entitled to consideration of his claims raised in his Motion to

15   Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 because he waived his

16   right to bring such an action in his plea agreement.  Alternatively, Movant's claims lack

17   merit.

18           Accordingly,

19           **IT IS HEREBY RECOMMENDED** that Movant's Motion to Vacate, Set

20   Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (docket # 16) be **DENIED**.

21           This recommendation is not an order that is immediately appealable to the Ninth

22   Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of

23   Appellate Procedure, should not be filed until entry of the District Court's judgment.  The

24   parties shall have ten days from the date of service of a copy of this recommendation within

25   which to file specific written objections with the Court. *See,* 28 U.S.C. § 636(b)(1); Rules

26   72, 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within

27   which to file a response to the objections.  Failure timely to file objections to the Magistrate

28   Judge's Report and Recommendation may result in the acceptance of the Report and

1   Recommendation by the District Court without further review.  *See United States v. Reyna-*

2   *Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  Failure timely to file objections to any factual

3   determinations of the Magistrate Judge will be considered a waiver of a party's right to

4   appellate review of the findings of fact in an order or judgment entered pursuant to the

5   Magistrate Judge's recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

6          DATED this 11th day of April, 2008.

_____
Lawrence O. Anderson
United States Magistrate Judge